**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALINKA MOYE,

        Plaintiff,

  v.

NATE THURMOND,

        Defendant.
_____/

No. C 08-2054 JL

**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION**

    Plaintiff filed a complaint in this district, and an application to proceed in forma pauperis, pursuant to 28 U.S.C. §1915. Under that section, a litigant may file without paying the filing fee on a showing of indigence and that the complaint is not frivolous. A claim filed in forma pauperis must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim or seeks monetary damages from defendants who are immune from suit. See 28 U.S.C. 1915(e)(2); see also *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984). A complaint is factually frivolous if the claims have no arguable legal basis in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-28 (1989) In this case, there are no factual contentions

    Plaintiff appears to be indigent, being presently unemployed, despite stating a previous gross income of $750,000. This amount is similar to the damage claim for $749,000, so Plaintiff may be confused. Plaintiff indicates no employment, no real property,

1  an old car, and an empty bank account. The Court therefore finds that he satisfies the
2  indigence requirement of the statute.
3      However, the Court should find no basis for federal jurisdiction. Plaintiff and
4  defendant are both citizens of California, so there is no jurisdiction based on diversity.
5  Plaintiff in the complaint mentions "Racketeering Influenced Corrupt Organization," but
6  alleges no facts whatever which would support such a claim, or indeed any claim. The
7  other causes of action, assault, libel, slander, "perjury act," and California Penal Code
8  §118, are all subject to California law. Without any other basis of jurisdiction, under either
9  federal law or diversity, this Court would have no jurisdiction over the state law claims,
10 none of which are supported by any factual allegations.
11     Accordingly, Plaintiff's claim is legally frivolous, disqualifying him from waiver of the
12 filing fee as provided by 28 U.S.C. §1915.
13     However, Plaintiff has not consented to the jurisdiction of the magistrate judge, as
14 required by 28 U.S.C. §636(c). A magistrate judge may not deny an in forma pauperis
15 application without consent of the plaintiff. *Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).
16     This Court hereby refers this case for reassignment to a district court judge, with the
17 recommendation that the in forma pauperis application be denied and the complaint
18 dismissed without prejudice.
19     IT IS SO ORDERED.
20 DATED: May 12, 2008

JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\08-2054-ref-reassign.wpd